**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

April 22, 2022



VIA ELECTRONIC FILING

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 618
New York, NY 10007

Re:   *Dinosaur Financial Group LLC et al. v. CUSIP Global Services, et al.*, Case No. 22 Civ 1860-KPF [rel. 22 Civ. 1929-KPF].

Dear Judge Failla:

We represent Defendant S&P Global Inc. ("S&P") in the above captioned action. On behalf of all Defendants,[1] we write to respectfully request that Defendants' deadline to respond to Plaintiffs' April 20, 2022 letter requesting a pre-motion conference on their proposed motion for summary judgment (Dkt. 36) be extended to May 18, 2022. We understand that Plaintiffs do not in principle oppose Defendants' request to respond to Plaintiffs' letter on May 18, but they do object to Defendants' positions and reasoning as otherwise stated in this letter.

The additional time is needed to allow Defendants adequate time to address the complexity, unusual nature and timing of Plaintiffs' request. In particular, Plaintiffs' request raises important issues of process and sequencing given the early stage of this case, the fact that no interim class counsel has yet been designated in this class action, and because summary judgment rulings in class actions generally must wait until the Court has determined whether to certify the class, in order to avoid violating the rule against "one-way intervention."[2]

Providing Defendants with the requested additional time also will allow the Court to consider the timing of Plaintiffs' motion together with the related issue of whether this case should be consolidated with the related action of *Hildene Capital Management, LLC. v. American Bankers Association, et al.*, Case No. 22 Civ. 1929-KPF. Plaintiffs in the instant action

---

[1]  The other Defendants in this action are the American Bankers Association, FactSet Research Systems, Inc., and CUSIP Global Services. None of the Defendants was given advance notice of Plaintiffs' April 20, 2022 application.

[2]  *Gale v. Chicago Title Ins. Co.*, 929 F.3d 74, 77 n.1 (2d Cir. 2019) ("That judicially made rule bars class–action plaintiffs from seeking pre–class–certification merits rulings."); *In re Cablevision Consumer Litig.*, No. 10-CV-4992 JS AKT, 2014 WL 1330546, at *15–16 (E.D.N.Y. Mar. 31, 2014) (denying plaintiffs' pre-certification motion for partial summary judgment because of the risk of "unfair prejudice to the defendant" of absent class members not being bound by the decision).

**GIBSON DUNN**

The Honorable Katherine Polk Failla
April 22, 2022
Page 2

(*Dinosaur Financial*) seek to represent a putative class that overlaps almost completely with the putative class in *Hildene* and assert closely related antitrust claims, albeit based on conflicting legal theories and divergent market definitions.  As a result, Defendants believe that, as a first step, the cases should be reconciled and consolidated and the Court should appoint interim class counsel.  This would protect the putative class and avoid a situation where each of these actions proceeds in conflicting ways and/or at cross-purposes.  *See, e.g.*, Federal Judicial Center, *Manual for Complex Litigation* § 21.11 (4th Ed. 2004) ("If . . . there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated . . . designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities").  Defendants intend to file shortly their own letter requesting a pre-motion conference in connection with a motion by Defendants seeking a ruling regarding consolidation and designation of interim class counsel.

Defendants respectfully propose that the initial pretrial conference in this matter also serve as the pre-motion conference for this anticipated motion by Defendants.  As part of that application, Defendants also will be seeking a ruling from the Court that Defendants need not respond to the individual *Dinosaur Financial* and *Hildene* complaints until the Court has ruled on consolidation.

Finally, we understand that counsel for Plaintiffs in this action has a conflict with the currently scheduled June 1, 2022 pretrial conference.  With the Court's permission, Defendants will confer with counsel for plaintiffs in both related actions and propose to the Court alternative dates after June 1, 2022 for the contemplated combined pre-trial and pre-motion conference.

Respectfully submitted,

/s Eric J. Stock


Eric J. Stock


cc:  All Counsel of Record (*via ECF*)

**GIBSON DUNN**

Application GRANTED.  Defendants' time to respond to Plaintiffs' premotion letter regarding their contemplated motion for partial summary judgment shall be extended to May 18, 2022.

Additionally, the initial pretrial conference currently scheduled for June 1, 2022, is hereby converted to a premotion conference, at which the Court will discuss Plaintiffs' contemplated motion, as well as Defendants' contemplated motion to consolidate and designate interim class counsel.  Furthermore, in light of the scheduling conflict alluded to above, the parties may propose to the Court alternative dates on which to hold this conference.

The Clerk of Court is directed to terminate the pending motion at docket entry 40.

Dated:    April 22, 2022          SO ORDERED.
          New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE