February 14, 2023

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

    Re:    *Dinosaur Financial Group v. S&P Global*, Case Nos. 1:22-cv-1860-KPF, 1:22-cv-1929-KPF

Dear Judge Failla:

Pursuant to Rule 9(C) of your Honor's Individual Rules, Defendants S&P Global, Inc., the American Bankers Association ("ABA"), and FactSet Research Systems, Inc., respectfully request leave to file under seal Exhibits 1–3 to Defendants' Motion to Dismiss the Second Amended Class Action Complaint ("SAC"), consisting of signed licensing agreements currently in force, including business information of the Plaintiffs. Plaintiffs consent to the filing of these exhibits under seal. Defendants also request leave to file under seal Exhibit 4, consisting of excerpts from the most recent X9 standard specification document for the CUSIP identifier.

The Second Circuit follows a three-step process to assess motions to seal. First, a court must conclude that the documents at issue are "judicial documents … relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995).

Second, a court must determine the weight to be given the common-law presumption of access to such documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Defendants submit that the Court should accord a lower weight to public access given the posture of this case. Typically, documents extrinsic to a complaint are not necessary to a motion to dismiss, so that confidential information will never need to be sealed where a complaint is dismissed for failure to state a claim or a justiciable controversy. If a complaint is dismissed, the public never would obtain access to either party's confidential information. Accordingly, on motion to dismiss, the Court should give less weight to any public right of access. By contrast, the cases cited in this letter motion balance confidentiality issues for documents necessary to a determination at summary judgment or at trial, where the need for public access is concomitantly greater.

Third, against these considerations the Court must balance the rights of the parties to maintain confidentiality over the material requested to be sealed and the potential harm to their respective business interests from disclosure on the public record. *Lugosch*, 435 F.3d at 120. Federal Rule of Civil Procedure 26(c) provides that courts may issue an order to protect against disclosure of

information such as "a trade secret or other confidential research, development, or commercial information."

Defendants move to seal Exhibits 1–3 to Defendants' Motion to Dismiss.[1] As set forth in the Affidavit of Jeffrey Mitnick, Senior Vice President, Assistant General Counsel of FactSet, submitted herewith, Exhibits 1–3 are the Subscription Agreements executed by each respective Plaintiff with CUSIP Global Services ("CGS"). Mitnick Aff. ¶ 3. Plaintiffs cited to and quoted from these Agreements in their Second Amended Complaint. *See, e.g.,* SAC ¶¶ 27-29, 68-70, 84-85. 90, 97, 99-101. Each Subscription Agreement provides end user Subscribers with a license to access via electronic feed and bulk download to data originating from the CGS Database. Mitnick Aff. ¶ 4. Each executed Subscription Agreement includes confidential information concerning the licensee's business, including details concerning the volume of CGS Data that the licensee wishes to download and the intended uses of that data in its business, as well as information relating to pricing. *Id.* ¶¶ 4-5. Each of these three Subscription Agreements is currently in force. *Id.* ¶ 3. For these reasons, the Subscription Agreement requires both CGS and the Subscriber to maintain the Subscription Agreement as Confidential Information. *Id.* ¶ 6. Thus, each of these Agreements includes the type of commercial information that merits protection by filing under seal. *See Signify Holding B.V. v. TP-Link Research Am. Corp.*, 21-CV-9742-JGK-KHP, 2022 WL 3704002 (S.D.N.Y. Aug. 26, 2022) (granting motion to seal information in license agreements that could reveal confidential sales volumes).

Defendants also move to seal Exhibit 4 to Defendants' Motion to Dismiss. Exhibit 4 is an excerpt from the American National Standard for Financial Services ANSI X9.6-2020 Technical Report and Guide ("ANSI 2020 Guide"). Plaintiffs' allegations also quoted from this document (without so stating). See, ¶ 116. As set forth in the Maugeri Declaration, counsel for the ABA purchased a copy of the ANSI 2020 Guide on July 24, 2022. The American Standards Committee X9, Inc. ("X9") holds the copyright to the ANSI 2020 Guide, and has chosen to not make it publicly available and to instead offer it for sale through the ANSI Web Store, https://webstore.ansi.org/standards/ascx9/ansix92020. The ANSI 2020 Guide states, "[c]opying these documents for personal or commercial use outside X9 membership agreements is prohibited without express written permission of the Accredited Standards Committee, X9, Inc." For these reasons, Defendants respectfully request that the Court permit the filing under seal of the excerpt of the ANSI 2020 Guide submitted as Exhibit 4. *See Hesse v. SunGard Sys. Int'l*, No. 12 Civ. 1990 (CM) (JLC), 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (exhibits that include "proprietary business information" should be sealed). *See also Securities and Exchange Commission v. Telegram Grp. Inc.*, 19-cv-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("protecting the privacy interests of non-parties . . . represents a legitimate basis for sealing judicial documents.").

Defendants believe these exhibits will place in proper context Plaintiffs' citations to these documents, thereby to enable the Court to assess why Plaintiffs' claims are not plausible, well-pleaded, or justiciable, and why therefore the Second Amended Complaint should be dismissed. Given that Defendants have quoted no confidential information from Exhibits 1-3, and have referred only to a statement reflecting policy positions of X9 expressed in publicly-available

---

[1] Under seal slipsheets for Exhibits 1-4 have been submitted as Exhibits 1-4 to the Declaration of Alexander V. Maugeri in support of Defendants' Joint Motion to Dismiss, filed concurrently herewith.

documents cited in Defendants' Motion, Defendants have not sought to file their Motion under seal.  However, for the reasons stated above, Defendants believe Exhibits 1–3 and 4 should be filed under seal.

Defendants respectfully submit that this approach— allowing the public to view the quotations specifically relating to the averments of the Second Amended Complaint while maintaining these confidential documents under seal—best balances the presumption of public access with the rights of parties to protect their confidential business information.  *See Lugosch*, 435 F.3d at 119-120 (noting that "judicial documents" submitted in support of summary judgment may remain under seal if "countervailing factors" so demand); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.,* 97 F. Supp. 3d 485, 510-511 (S.D.N.Y. 2015) (on summary judgment, affirming sealing and redactions of certain confidential business information that was not previously disclosed by the moving party).  The public will have sufficient information by which to understand the Court's ruling, and Plaintiffs and third parties will preserve their right to protect their business interests.  For the reasons set forth above, this approach is particularly appropriate given the posture of this case.

Wherefore, Defendants respectfully request that their Motion to Seal be granted.

Respectfully submitted,

| */s/ Eric J. Stock* | */s/ Jeffrey Shinder* | */s/ David Kiernan* |
|---|---|---|
| Eric J. Stock | Jeffrey I. Shinder | David C. Kiernan |
| GIBSON, DUNN & CRUTCHER LLP | Constantine Cannon LLP | JONES DAY |
| 200 Park Avenue, 47th Fl. | 335 Madison Avenue, Fl. 9 | 555 California Street, 26th Fl. |
| New York, NY 10166 | New York, NY 10017 | San Francisco, CA 94104 |
| Tel.: (212) 351-2301 | Tel.: (212) 350-2700 | Tel.: (415) 626-3939 |
| Fax: (212) 716-0801 | Fax: (212) 350-2701 | Fax: (415) 875-5700 |
| estock@gibsondunn.com | jshinder@constantinecannon.com | dkiernan@jonesday.com |
| Attorneys for Defendant S&P Global Inc. | Attorneys for Defendant FactSet Research Sys., Inc. | Attorneys for Defendant American Bankers Association |